```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

JANET KOPPEL, WIFE OF/AND                      CIVIL ACTION
RENE KOPPEL, M.D.

VERSUS                                         NO: 05-6865

EUSTIS INSURANCE, INC.                         SECTION: R

## ORDER AND REASONS

Plaintiffs Janet and Rene Koppel move to remand this action to Louisiana state court. Plaintiffs also request an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). For the following reasons, plaintiffs' motion to remand is GRANTED. Plaintiffs' request for attorneys' fees is DENIED.

### I.  BACKGROUND

Plaintiffs Janet and Rene Koppel are residents of Metairie, Louisiana. Defendant Eustis Insurance, Inc. is an insurance agency incorporated in the state of Louisiana. Defendant has served as plaintiffs' insurance agent for approximately 20 years. During this period, defendant has advised plaintiffs on all of

their insurance needs, including homeowners' insurance, flood insurance, and flood coverage for the contents of their home.

Plaintiffs began construction of a new home in Metairie in early 2005, and they allegedly instructed defendant to ensure that the new home would be covered properly with homeowners' insurance, flood insurance, and contents coverage.  Plaintiffs allege that, before they moved into their new home, defendant specifically assured them that the requested coverage was in place and that there would be no lapse in coverage.

Plaintiffs moved their belongings into the new home on August 27, 2005.  Hurricane Katrina struck southeast Louisiana on August 29, 2005, causing widespread flooding.  Plaintiffs' new home suffered substantial flood damage as a result of the hurricane, and the contents of plaintiffs' home were ruined.  Plaintiffs allege that only after the hurricane did they discover that the contents of their new home were not insured for flood damage as of August 29, 2005 and that defendant had not procured supplemental flood insurance on their behalf.

Plaintiffs filed this action in Louisiana state court on November 7, 2005, alleging that defendant was negligent in failing to procure contents coverage for their new home in a timely manner.  Plaintiffs allege that defendant should have procured contents coverage for their new home in time for the 30-

day waiting period that applies to flood policies to have expired by their move-in date. Plaintiffs also allege that defendant negligently failed to procure supplemental flood insurance on their behalf.

Defendant removed the action to this Court on December 28, 2005. Defendant asserts that this Court has jurisdiction over the case because plaintiffs' claim concerning contents coverage is governed by the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129 (the "NFIA").[1] Plaintiffs now move to remand the action to state court.

## II. THE NATIONAL FLOOD INSURANCE ACT

Congress enacted the NFIA to, *inter alia*, make subsidized flood insurance available to people living in potentially flood-prone areas. *See Palmieri v. Allstate Ins. Co.*, --- F.3d ---, ---, 2006 WL 957252, at *2 (2d Cir. 2006); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 266 (3d Cir. 2004); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998). The NFIA, in turn, created the National Flood Insurance Program (the "NFIP"). The federal government subsidizes the NFIP, and the Federal Emergency Management Agency ("FEMA")

---

[1] Defendant does not assert that plaintiffs' claim concerning supplemental flood insurance presents a federal question.

administers the program.  FEMA administers the current iteration of the NFIP through the Write-Your-Own Program, under which private companies, known as Write-Your-Own ("WYO") insurers, issue and administer flood insurance policies.  *See Van Holt*, 163 F.3d at 165.  WYO insurers issue what is called the Standard Flood Insurance Policy (the "SFIP").  *See* 44 C.F.R. Pt. 61, App. A(1).  Subject to the provisions of the NFIA and FEMA regulations, WYO insurers issue and administer flood policies in accordance with their ordinary business practices.  *See* 44 C.F.R. § 62.23(e).  FEMA sets the terms and conditions of the SFIP, and WYO insurers cannot alter or waive any provision of the SFIP without the consent of the Federal Insurance Administrator.  *See Palmieri*, 2006 WL 957252, at *3.

Although WYO insurers issue SFIPs in their own names, the federal government pays claims and assumes the risk under the policies.  *See C.E.R. 1988*, 386 F.3d at 267; *Van Holt*, 163 F.3d at 166.  WYO insurers keep the premiums that they collect on SFIPs in segregated accounts, from which they pay claims and refunds on SFIPs.  *See* 44 C.F.R. Pt. 62, App. A, art. II(E).  If the funds in the account fall below a sufficient amount, the WYO pays claims by drawing on FEMA letters of credit.  *See* 44 C.F.R. Pt. 62, App. A., arts. II(E), IV.  WYO insurers keep a portion of the premiums collected as reimbursement for operating expenses

and receive commissions on payments of claims.

The maximum coverages available under the SFIP are $250,000 for the structure of a home and $100,000 for the contents of the home.  *See* 44 C.F.R. § 61.6 (describing policy limits).  With certain exceptions, coverage under the SFIP becomes effective on the 30th calendar day after the application is filed and the premium is submitted.  *See* 44 C.F.R. § 61.11(c).

**III. DISCUSSION**

    **A.   Removal Jurisdiction**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In determining whether removal is appropriate, the Court is guided by the principle that the removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, Civ. A. No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28

U.S.C. § 1447(c).

When removal is premised on federal question jurisdiction, the Court determines whether the case presents a federal cause of action by reference to the allegations of the plaintiff's well-pleaded complaint. *See, e.g., Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). Under the well-pleaded complaint rule, the jurisdiction-conferring federal question must appear on the face of the plaintiff's complaint. *See, e.g., M, G, & B Servs., Inc. v. Buras*, No. Civ.A. 04-1512, 2004 WL 1872718, at *1 (E.D. La. Aug. 19, 2004) (citing *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997)). That federal law may provide a defense to the plaintiff's state law claims is insufficient to confer federal question jurisdiction. *See, e.g., Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Thus, "the preemptive effect of a federal statute" ordinarily "will not provide a basis for removal." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983)); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).

## B. Complete Preemption

The Supreme Court has recognized an exception to the general rule that a federal defense does not confer federal question jurisdiction "when a federal statute wholly displaces the state-law cause of action through complete preemption." *PCI Transp.*, 418 F.3d at 543. In cases of complete preemption, the plaintiff's cause of action, "even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank*, 539 U.S. at 8. Complete preemption, for jurisdictional purposes, remains the exception rather than the rule, and relatively few statutes have been recognized as completely preemptive. *See id.* at 10-11 (National Bank Act provisions on interest rates and usury); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (ERISA); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560-62 (1968) (section 301 of the Labor Management Relations Act); *PCI Transp.*, 418 F.3d at 545 (Interstate Commerce Commission Termination Act); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (Carmack Amendment to Interstate Commerce Act). Under Fifth Circuit law, a federal statute completely preempts a state law cause of action only if (1) the federal statute contains a civil enforcement provision creating a cause of action that displaces the state law cause of action; (2) the federal statute

specifically grants federal courts jurisdiction to enforce the right that it creates; and (3) there is a Congressional intent to make the federal cause of action exclusive.  *PCI Transp.*, 418 F.3d at 543-45.

### C.  Analysis

In this case, the sole argument defendant makes in support of its assertion that the Court has federal question jurisdiction is that plaintiffs' claim that defendant negligently failed to procure contents coverage is preempted by the NFIA.[2]  Defendant argues that the NFIA preempts any state law claim that puts the terms of the SFIP at issue.  Defendant asserts that plaintiffs' claim in this case is therefore preempted because it puts at issue the 30-day waiting period of 44 C.F.R. § 61.11.  Before turning to defendant's arguments, the Court will first briefly summarize the state of the law concerning preemption under the NFIA.

It is clear that any cause of action, whether in contract or

---

[2]Defendant's brief, which variously refers to the federal defenses of express preemption, conflict preemption, and field preemption, mentions the jurisdictional doctrine of *complete* preemption only in a single footnote.  Because, as noted *supra*, only complete preemption confers federal question jurisdiction, the Court's discussion here is limited to whether the NFIA completely preempts plaintiffs' negligence claim.

in tort, arising out of the handling of a claim under the SFIP is governed by federal law and that federal law preempts state law claims concerning claims handling under the SFIP.  *See* 44 C.F.R. Pt. 61, App. A(1), art. IX (SFIP) ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law."); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (holding that "state law tort claims arising from claims handling by a WYO are preempted by federal law"); *C.E.R. 1988*, 386 F.3d at 272; *Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 949-50 (6th Cir. 2002); *see also Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005) (NFIA gave FEMA authority to promulgate regulation preempting state law tort claims concerning SFIP claims handling).  In addition, the NFIA and the SFIP both provide an exclusive federal cause of action for disputes concerning claims handling under the SFIP.  *See* 42 U.S.C. § 4072 (providing that policyholder can file suit upon total or partial disallowance of claim "in the United States district court . . . and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such

action without regard to the amount in controversy");[3] 44 C.F.R. Pt. 61, App. A(1), art. VII(R) (SFIP) (stating that suit concerning any claim under SFIP or any dispute "arising out of the handling of any claim under the policy" must be brought in federal district court).

The extent to which the NFIA preempts state law tort claims that do not arise from claims handling is an unsettled issue in the federal courts. A number of cases, including two earlier decisions of this Court, distinguish between state law claims relating to claims handling and those relating to so-called "policy procurement" and hold that the NFIA does not preempt policy procurement claims. *See, e.g., Landry v. State Farm Fire & Cas. Co.*, No. 06-181, slip op. at *3-8 (E.D. La. Apr. 24, 2006); *Reeder v. Nationwide Mut. Fire Ins. Co.*, --- F. Supp. 2d ---, ---, 2006 WL 618814, at *8-10 (D. Md. Mar. 13, 2006); *McCormick v. Auto Owners Ins. Co.*, No. Civ.A. 04 54 JBC, 2005 WL 1364567, at *1-2 (E.D. Ky. June 6, 2005); *Corliss v. S.C. Ins. Co.*, No. Civ.A. 03-2944, 2004 WL 2988497, at *3 (E.D. La. Dec.

---

[3]Although section 4072 expressly authorizes only an action against the director of FEMA, several courts of appeals have held that section 4072 also provides jurisdiction over an action against a WYO insurer arising out of a claim under the SFIP. *See Palmieri*, 2006 WL 957252, at *6; *Gibson*, 289 F.3d at 947; *Van Holt*, 163 F.3d at 167. *But see Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 679-80 (7th Cir. 2001) (section 4072 does not provide jurisdiction over suit against WYO insurer under SFIP).

19, 2004); *Elizabeth v. USAA Gen. Indem. Co.*, No. Civ.A. 02-2021, 2002 WL 31886719, at *3-4 (E.D. La. Dec. 19, 2002).

Defendant asserts that plaintiffs' policy procurement claim is nevertheless preempted by the NFIA because the claims handling/policy procurement distinction is no longer good law in the Fifth Circuit. Defendant contends that the Fifth Circuit's decision in *Wright* repudiated the claims handling/policy procurement distinction and recognized that the NFIA preempts any state law claim that implicates the terms of the SFIP.[4]  *See Wright*, 415 F.3d at 389 n.3 (noting earlier, unpublished decision that "distinguish[ed] between state law claims tied to the [SFIP], which are preempted, and extracontractual tort claims, which are not") (citing *Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency*, 72 Fed. Appx. 92 (5th Cir. 2003)); *see also* 44 C.F.R. Pt. 61, App. A(1), art IX ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law."). Defendant contends that since

---

[4]Although the Court does not decide here whether the claims handling/policy procurement distinction remains viable after *Wright*, the Court notes that Judge Fallon of this district recently rejected the argument that *Wright* repudiates that distinction.  *See Landry*, No. 06-181, slip op. at 6.

plaintiffs' negligence claim contains an allegation that defendant misrepresented a term of the SFIP (*i.e.*, the 30-day waiting period), plaintiffs' claim is necessarily preempted under *Wright*.

Defendant's argument fails for at least two reasons. First, it rests on a false characterization of plaintiffs' claim. Although defendant is correct that plaintiffs' complaint refers to the 30-day waiting period under the NFIA, plaintiffs have not put the terms of the SFIP at issue in any meaningful sense. Plaintiffs do not challenge the applicability of the 30-day waiting period, nor does their claim require any interpretation or construction of that provision. Rather, plaintiffs mention the 30-day waiting period applicable to flood insurance policies only to note that defendant should have procured plaintiffs' policy early enough for the coverage to have gone into effect by their move-in date of August 27, 2005. Likewise, because plaintiffs do not assert that defendant represented that there was no waiting period for flood insurance, plaintiffs' allegation that defendant falsely represented that their contents coverage would be effective before their move-in date is not equivalent to an allegation that defendant misrepresented a term of the SFIP.[5]

---

[5]Although it is not crucial to the Court's decision on this motion, the Court notes that the 30-day waiting period is not

Second, irrespective of whether plaintiffs' claim implicates a term of the SFIP, removal was nevertheless inappropriate because the NFIA does not *completely* preempt, in the jurisdictional sense, state law tort claims concerning policy procurement.  Even accepting defendant's argument that the NFIA preempts any state law claim that implicates the terms of the SFIP, defendant would, at best, have a federal defense to plaintiffs' claim.  As noted *supra*, however, the existence of a federal defense does not create federal question jurisdiction.

An indispensable element of the jurisdictional doctrine of complete preemption is that the federal law must provide a cause of action that effectively replaces the preempted state law claim.  *See Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005) ("[T]he sine qua non of complete preemption is a pre-existing *federal* cause of action that can be brought in the district courts."); *King v. Marriott Int'l, Ltd.*, 337 F.3d 421, 425 (4th Cir. 2003) ("[A] vital feature of complete preemption is the existence of a federal cause of action that replaces the preempted state cause of action."); *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) (complete preemption requires defendant to show "that Congress intended . . . to altogether substitute 'a

---

actually a term of the SFIP, but is instead located at 44 C.F.R. § 61.11(c).

federal cause of action for a state cause of action'") (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1341 (10th Cir. 1996)). Regardless of whether defendant might ultimately prevail on the defense that the NFIA preempts plaintiffs' state law policy procurement claim against their insurance agent, nothing in the statute, FEMA's regulations, or the SFIP suggests that the NFIA provides a substitute federal cause of action for such a claim. Rather, the statute and the regulations governing actions by policyholders address themselves exclusively to disputes about the handling of claims under the SFIP.  *See* 42 U.S.C. § 4072 (providing cause of action concerning "disallowance" of a claim or "the refusal of the claimant to accept the amount allowed upon any such claim"); 44 C.F.R. § 62.22(a) (same); 44 C.F.R. Pt. 61, App. A(1), art. VII(R) (discussing policyholder's right to bring action for "any claim that you may have under this policy and . . . any dispute that you may have arising out of the handling of any claim under the policy").  As none of these provisions purports to provide a cause of action that covers *any* claim relating to policy procurement, defendant has not shown that the complete preemption doctrine applies, and, accordingly, defendant has not carried its burden of establishing that the Court has federal question jurisdiction over this action.  The Court therefore grants plaintiffs' motion to remand this case to state

court.

**IV.   ATTORNEYS' FEES**

Plaintiffs also seek attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Although district courts have some discretion to award fees pursuant to section 1447(c), "[a]bsent unusual circumstances," a court can award fees under that section "only where the removing party lacked an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).  Given the uncertain state of the law concerning federal preemption under the NFIA, the Court finds that defendant had an objectively reasonable basis for removal in this case, and an award of fees is therefore inappropriate.

**V.   CONCLUSION**

For the reasons stated above, the Court GRANTS plaintiffs'

motion to remand and DENIES plaintiffs' request for attorneys' fees.

New Orleans, Louisiana, this <u>19th</u> day of May, 2006.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE